**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **DEREK MORTLAND,** | ) | **CASE NO. 1:22-CV-366** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE HOLLY A. BRADY** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RADHE HOSPITALITY LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AFTER ENTRY OF DEFAULT AND VERIFIED APPLICATION FOR ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION EXPENSES**

Plaintiff, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Court to enter Judgment after Default against Defendant Radhe Hospitality LLC ("Radhe") as delineated herein. This is an action for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §12181, *et seq*. ("Americans with Disabilities Act" or "ADA"), and Indiana civil rights law. Radhe, an Indiana Limited Liability Company, was served with the Summons and Complaint on November 10, 2022 (See Doc. No. 3). To date, no answer or responsive pleading has been received or filed. Having failed to file any responsive pleadings or other papers in this matter, the Clerk of Courts filed an Entry of Default. (See Doc. No. 5). Plaintiff now moves for default judgment against the Defendant pursuant to Fed. R. Civ. P. 55(b)(2) ("FRCP 55(b)(2)").

**I. Plaintiff is Entitled to Default Judgment under Federal Law**

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and §1343 for Plaintiff's claims arising under 28 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans with Disabilities Act (see also, 28 U.S.C. §2201 and

1

§2202). On July 26, 1990, Congress enacted the Americans with Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C. §12181; 28 CFR §36.508(a). Therefore, the Defendant's deadline for compliance has long since passed. As provided herein, judgment against Radhe is proper.

The subject of this action focuses on premises that are owned, operated, leased by or leased to Radhe, which operates a hotel and related facilities that must be accessible by individuals with disabilities in accordance with the ADA. Pursuant to 42 U.S.C. §12181(7) and 28 CFR §36.104, the building that is the subject of this action is a place of public accommodation covered by the ADA, as it operates a hotel, which is open to the general public. In accord with the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. As set forth in the **Affidavit of Derek Mortland**, which is filed herewith as **Exhibit 1**, Radhe is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against the Plaintiff under said remedial legislation. As is also set forth in the Affidavit of Derek Mortland, Radhe has discriminated against Plaintiff by its failure to permit the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 *et seq*., and by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

Despite the serious allegations raised against it, Radhe has failed to plead or otherwise participate in this litigation, and it is in default of its opportunity to defend this matter. Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, a default judgment after entry of default is proper. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in

this case, a Default shall be entered against that party. Presently, the Clerk has entered the Entry of Default, and Plaintiff now moves for a default judgment in accordance with the Court's authority provided by 11 U.S.C. 12188(a)(2). As delineated, this Court is provided authority to grant Plaintiff injunctive relief, including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and issue an order closing the subject facilities until the requisite modifications have been made. In *Access 4 All, Inc. v. Ulster Heights Properties, Inc.*, 1:07-cv-2923 (S.D.N.Y. 2008), the Southern District of New York addressed the relief to which a plaintiff is entitled in the wake of default. These include the entry of default mandating that the defendant bring its facilities into full compliance with the ADA. See *Access 4 All*, supra. Another option is the closure of the public accommodation until compliance is fulfilled. See *Mortland v. Riley Hotel Group LLC*, 5:20-cv-428.

In the case at present, Radhe has ignored this lawsuit and is in default. Accordingly, under FRCP 55, Plaintiff is entitled to an injunction requiring immediate closure of Radhe's hotel until it's place of public accommodation falls into compliance with the ADA; and payment of Plaintiff's attorney fees, costs, litigation expenses, and expert fees incurred in this matter.

## II. Plaintiff is Entitled to Default Judgment under State Law

Indiana's state-law equivalent to the ADA, The Indiana Persons with disabilities Civil Rights Act M.C.L. § 37.1301, *et seq*., is analyzed in the same fashion as federal claims arising under disability discrimination. For the reasons set forth herein, Plaintiff's claims under the ADA are meritorious. As such, it follows that his state law claims are meritorious.

While it is true that Title III of the ADA does not allow for an award of damages, Indiana Code § 22-9-1-6 does entitle Plaintiff to receive compensatory damages. In addition to seeking

3

compensatory damages, due to Defendants' newly constructed hotel containing such an egregious amount of barriers to access, Plaintiff seeks an award of punitive damages. Defendant's violation of Indiana civil rights law makes it liable to Plaintiff for both compensatory and punitive damages.

### III. Plaintiff is Entitled to His Attorney Fees, Costs, Litigation Expenses and Expert Fees

Due to the aforementioned violations of federal and state law, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and he has agreed to pay his counsel's reasonable attorneys' fees, including costs, litigation expenses and expert's fees and costs, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205.

Attorneys' fees, expert fees, litigation expenses and costs are all recoverable under the ADA. 42 USC 12205. To recover attorney fees under 42 USC 12205, a plaintiff must be a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). In order to be a "prevailing party" under *Buckhannon*, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2004); *American Disability Association, Inc. v. Chimielarz*, 289 F.3d 1315 (11th Cir. 2002); *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003); *Barrios v. Cal. Interscholastic Fedn.*, 277 F.3d 1128 (9th Cir. 2002). In the instant action, Plaintiff is the prevailing party.

### IV. Calculating Attorneys' Fees in Civil Rights Cases

In a civil rights case, the amount of an award of attorneys' fees is determined by using the "lodestar" method: the value of the lawyer's services is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably

4

expended. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable skill, comparable skills, experience and reputation. See, *Marisol A. v. Giuliani*, 111 F.Supp.2d 381 (S.D.N.Y. 2000). The relevant legal community to which the Court should look is the District in which the case was brought. See *Petros v. Benjamin & Benjamin*, No. 12-15602 (E.D. Mich. 2013).

In the case of a federal nationwide practice, at least one court held it was appropriate to consider rates awarded in other federal jurisdictions. *Sigley v. Kuhn*, 205 F.3d 1341 (6th Cir. 2000). In the case of *Access 4 All, Inc. v Park Lane Hotel, Inc.*, 2005 WL 3338555, *4 (S.D.N.Y. 2005), as of 2005, it was recognized that attorneys were awarded hourly rates up to $425.00. The factors for considering when setting a fee include: (A) the time and labor required; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D) the skill required to perform the legal services properly; (E) the preclusion of other employment opportunities; (F) the customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards in similar cases. *Hensley*, supra, p. 429-430.

Attorneys' fees, expert fees, litigation expenses and costs are all recoverable under the ADA. 42 USC 12205. To recover attorney fees under 42 USC 12205, a plaintiff must be a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). In order to be a "prevailing party" under *Buckhannon*, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2004); *American*

5

*Disability Association, Inc. v. Chimielarz*, 289 F.3d 1315 (11th Cir. 2002); *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003); *Barrios v. Cal. Interscholastic Fedn.*, 277 F.3d 1128 (9th Cir. 2002). As discussed *supra*, Plaintiff is the prevailing party.

With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, at 1303 (11th Cir. 1988). Plaintiff's counsel now applies for an award of the hourly rate of $325 per hour. The hourly rate sought in this case is within the range of rates charged by other attorneys in similar cases and with similar experience, and within the range awarded by Courts in Title III ADA cases. More specifically, other experienced Title III ADA attorneys have been awarded $300 - $450 per hour, or more during the past ten (10) years, in jurisdictions spanning Ohio, Florida, Georgia, Michigan, New Jersey and New York. See *Steven Brother v. BFP Investments, Ltd.*, Case No. 03-60129-Civ-Marra/Dube (S.D. Fla. 2005) (awarding Plaintiff's counsel $385 per hour in a Title III ADA action in March, 2005); *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, Case No. 04-cv-7174 (S.D. N.Y. 2005) (awarding $350 per hour); *Association for Disabled Americans, Inc., et al. v. Amoco Oil Co., et al.*, Case No. 98-2002-Civ-Gold (S.D. Fla.) (D.E. 108) (awarding Plaintiffs' counsel $325 per hour in a Title III ADA action in April, 2002); *Association for Disabled American, Inc., et al. v. Tobacco Road, Inc.*, Case No. 99-3128-Civ-Hurley (S.D. Fla. 2001) (awarding plaintiffs' counsel $325 per hour in a Title III ADA action in March, 2001); *Betancourt v. 3600 Center Point Parkway Investments, LLC*, Case No. 03-72868 (E.D. Mich. 2004) (awarding $325 per hour); *Access 4 All, Inc. v. Absecon Hospitality Corporation*, Case No. 04-6060 (D.C. N.J. 2007) (awarding $325 per hour); *Access 4 All, Inc. AAMJ, L.L.C.*, Case 04-6059 (D.C. N.J. 2007))

6

(awarding $325 per hour); *Access 4 All, Inc. v. Shukla Hospitality, LLC*, Case No. 04-6059 (D.C. N.J. 2007) (awarding $325 per hour); *Disabled Patriots of America v. Regency Centers, L.P.*, Case No. 1:04-cv-0419-RWS (N.D. Ga. 2005) (awarding $300 per hour); *Access 4 All, Inc. v. Hi 57 Hotel LLC*, Case No. 04-cv-6620 (SDNY 2006) (awarding $350 per hour); *Access 4 All, Inc. v. Trump Int'l Hotel*, Case No. 1:04-cv-07497-RJS (SDNY 2008) ($375 per hour for Lawrence Fuller).

In more recent cases, courts have awarded experienced attorneys over $400 per hour. In *Access for the Disabled v. EDZ, Inc.*, Case No. 8:12-cv-2186-T-EAJ (MD Fl. 2014), the Court awarded an attorney with thirty (30) years of experience an hourly rate of $420. In *Payne v. Dolgencorp*, Case No. O:14-cv-62494-BB (SD Fl. 2015), a District Court awarded an hourly rate of $400 per hour. In *Access for the Disabled v. EDZ, Inc*., supra, the court awarded an hourly rate of $420 per hour. In *Houston v. South Bay Investors, Inc*., Case No. 9:13-cv-81193-DT-KH (SD Fl. 2013), the court, in an ADA case, awarded an hourly rate of $420.

Court holdings in federal district courts in Ohio, and neighboring Pennsylvania, provide evidence of the going rate in the community. Specifically, in *Mortland v. Riley Hotel Group LLC*, Your Honor found Attorney Colin G. Meeker's requested rate of $325 per hour as reasonable and awarded attorney fees. *See* ECF# 41, p. 2. In *Collins v. Se. Pennsylvania Transp. Auth.*, 69 F. Supp. 2d 701, 705 (E.D. Pa. 1999), the court awarded the rate of $350.00 to a civil rights attorney in 1999. See also *M.W. v. Sch. Dist. of Philadelphia*, No. CV 15-5586, 2016 WL 3959073, at *7 (E.D. Pa. July 22, 2016) (in 2016, awarding $425 per hour to one of Plaintiff's accessibility attorneys and $325 to another). For comparison purposes this Court's neighboring state, see U*.S. v. Board of County Commissioners of Hamilton County*, 2005 WL 2033708 (S.D.

7

Ohio 2005) ($300 per hour). In *Disabled Patriots of America, Inc. v. Scit, Inc.*, Case No. 1:06-cv-02888-DAP (N.D. OH 2007), the Court awarded the rate of $325.00 per hour.

Accordingly, it is clear that the rate of $325 for Colin G. Meeker for work performed in this case in 2022 and 2023, is well within the customary range of rates charged by other attorneys practicing Title III ADA litigation and within the range awarded by other Courts.

In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

1. **The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly:**

Considerable time and labor were required to obtain the resolution of this case. Plaintiff filed this action requesting that Defendant timely remove barriers to access at its place of public accommodation, so that the Plaintiff and other wheelchair-bound and disabled persons could avail themselves of the same goods and services enjoyed by the general public. Rather than promptly agreeing to bring its establishment into ADA compliance, Defendant has ignored this case, refused to participate in the litigation, and it has required Plaintiff to prepare the instant Motion for Default Judgment. As a result of Defendant's failure to participate in the litigation, Plaintiffs' counsel has had to obtain an Entry of Default and prepare this Motion with a Memoranda in Support in order to effectuate the remedial purpose of the ADA.

The undersigned regularly represents plaintiffs in actions against places of public accommodation for ADA violations. In fact, Plaintiff's counsel estimates that there are only one other known firm in his geographical region that litigate ADA actions. Thus, the undersigned has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case, including filing the complaint and other necessary paperwork. However, such efficiency should not be construed as an indication that ADA cases do not present novel and

difficult questions. To the contrary, representation of plaintiffs in ADA actions present numerous issues regarding entitlement to injunctive relief, standing, barriers to access, "readily achievability", undue burden, etc. Overall, Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justify a higher hourly rate than in many other areas of practice.

**2. The fee customarily charged in the locality for similar legal services:**

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases. Because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate. The current market rate is the rate at the time of application, not the rate at the time the services were performed. This takes into account the delay in payment. *Lanni v. State of New Jersey*, 259 F.3d 146, 159-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, courts adjust rates upward to account for inflation. It is especially important in this case, which has been in litigation for several months, to note that Plaintiff's counsel has not received any fee payment to date.

As set forth above, the fee customarily charged and awarded by Courts in Title III ADA litigation to experienced litigators over the past ten (10) years is $350 - $450 per hour. Plaintiff's counsel is seeking $325 per hour for attorney Colin G. Meeker, who practices primarily in ADA litigation.

**3. The results obtained:**

As one court has noted in *Village Nurse Association of North Shore, Inc. v. Bullen*, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. 1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards

9

have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." As such, considerable time and effort was required to obtain the resolution of this case. Plaintiff filed this action requesting that Defendant timely remove the barriers to access at its property so that Plaintiff and other wheelchair bound or disabled individuals could avail themselves of the same goods and services enjoyed by the general public.

As set forth in the timesheets and docket entries, the undersigned attorney has spent considerable time on this matter. To date, Plaintiff's counsel has spent a considerable amount of hours in this case, in an attempt to obtain the cooperation of the Defendant and prosecute this action. This time includes the time required to prepare this Motion, the accompanying support, and affidavits. Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable. See *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

4. **The nature and length of the professional relationship and the experience, reputation and ability of the lawyers performing the services:**

Counsel for the law firm representing the Plaintiff is experienced in litigating ADA Title II and III law, as the Plaintiff's lawyer has filed and litigated over 80 ADA Title II and III cases. Obviously, if any other similarly experienced defense lawyer were to consider taking Plaintiff's civil rights representation, with the associated risk of nonpayment and delay in payment, they would be entitled at this point in time to $325 per hour like Attorney Meeker.

Plaintiff's counsel has the experience, reputation and ability that the *Johnson v. Georgia Highway Express Inc.*, 488 F2d 714 (5th Cir. 1974) court looked to when determining fees. Colin G. Meeker's role in this litigation is that of lead counsel in this case. He has interacted regularly

10

with the client and his considerable experience in ADA matters has been of substantial benefit. Colin Meeker has over 7 years of experience as an attorney and is a member of the Ohio bar. He is admitted to practice in the United States District Court for the Northern District of Ohio, the Southern District of Ohio, and the Western District of Michigan; Attorney Meeker has practiced under *pro hac vice* status in many other federal jurisdictions. As the son of a mother with Alzheimer's Disease, who prior to her passing, required the use of a wheelchair, Colin G. Meeker has dedicated the majority of his legal career to the Americans with Disabilities Act and disability advocacy. Colin G. Meeker has significant experience in litigating Title III ADA cases and similar state law specific disability discrimination cases totaling in excess of 100 cases in his career. This experience and ability entitles Attorney Meeker to the $325.00 per hour rate he seeks.

The undersigned counsel has represented the Plaintiff in many other actions and has a continuing relationship with the client. This has led to increased efficiency in the prosecution of this case. Attached as **Exhibit 2** is the **Time & Expense Log** kept by Plaintiff's counsel in this matter. Therefore, the Court should set the attorneys' fees in an amount that the Court considers fair and reasonable, taking into consideration the factors set forth in *Hensley* and in *Johnson v. Georgia Highway Express, Inc.*, supra, especially the time and labor required and the excellent results obtained in bringing Defendant's property into compliance with the requirements of the ADA. The time and labor required is stated with specificity in the attached Exhibit 2.

5. **Whether the fee is fixed or contingent:**

The fee in this case is contingent, thereby causing Plaintiff's counsel to incur the risk of non-payment. There has been no certainty that Plaintiff's counsel would receive any compensation at all. Therefore, in setting a reasonable hourly rate, Plaintiff submits that the

11

Court should award the higher range of rates for the length of time and uncertainty that counsel would be paid at all.

### V. Calculating Costs in Civil Rights Cases:

A prevailing party is entitled to costs pursuant to Civ. R. 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 USC 1920, which provides for recovery of, *inter alia*, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained in this case;" (3) fees for printing and witnesses; (4) fees for "exemplification and copies of papers necessarily obtained for use in the case;" (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under Section 1920. See *Dowdwell v City of Apopka*, 698 F. 2d 1181, 1189-92 (11th Cir. 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." *Id*. At 1192. In *Dowdell*, a civil rights case involving fees and costs under 42 U.S.C. § 1988, the 11th Circuit reversed the district court's refusal to tax travel, telephone and postage expenses as costs against the Defendants. The Court stated as follows:

> Where cost-shifting is expressly authorized by Statute, the traditional limitations of Rule 54(d) and 28 U.S.C. § 1920 and 1923(a) do not apply." Id. at 1188-89. We hold, with the exception of routine office overhead normally absorbed by its practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under Section 1988. As is true in other applications of Section 1988, the standard of reasonableness is given a liberal interpretation.

The ADA expressly states that the prevailing party may receive "reasonable attorneys fees, including litigation expenses and costs." 42 USC 12205. See *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) ("because the term litigation expenses normally encompasses expert

12

witness fees, we hold that the statutory provision provides direct authority for the award of expert witness fees."); *Disabled Patriots of America, Inc. v. SCIT, Inc.*, Case No. 06-2888 (N.D. Oh. 2007)(awarding $6,350 in expert fees at hourly rate of $175 for initial inspection and $200 per hour for the final inspection). While expert fees are not normally permitted under the fee-shifting statutes, they are when specifically allowed by statute. Expert witness fees are allowable under the Act and were vital to the Plaintiff's attorney litigating this case. Under 42 U.S.C. 12205, the fees paid to an expert witness deemed litigation expenses. In *Robins v. Scholastic Book Fairs*, 928 F.Supp 1027, 1036 (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses). Likewise, in *Ziter v. Vista Designs, Inc.*, Case No. 00-7137-Civ-Lennard (S.D. Fla. 2001), the Court awarded the Plaintiff's expert witness fees on the basis that expert witness fees are considered "litigation expenses." See *Ziter* at 5 citing *Robins* at 1036 ("litigation expenses include the costs of expert witnesses.")

As explained in Appendix B to 28 CFR Part 36 (p. 640)- PREAMBLE TO REGULATION ON NONDISCRIMINATION ON THE BASIS OF DISABILITY BY PUBLIC ACCOMMODATIONS AND IN COMMERCIAL FACILITIES (PUBLISHED JULY 26, 1991):

> Section 36.505 states that courts are authorized to award attorneys fees, including litigation expenses and costs, as provided in Section 505 of the Act. Litigation expenses include items such as expert witness fees, travel expenses, etc. . The Judiciary Committee Report specifies that such items are included under the rubric of "attorneys fees"... [emphasis added].

In *Dowdell*, the Court held that courts have long awarded expenses liberally (including expert fees) as part of the costs in civil rights litigation and that "... fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation," *Dowdell*, supra, at 1188-1190. The liberal

13

approach is taken in order to encourage the private enforcement of the ADA, Id. at 1191. Experts are necessary in ADA actions and the federal court has continually awarded expert fees in actions to enforce the Americans with Disabilities Act. In *Association of Disabled Americans, Inc., et al. v. North Beach Hotel, Inc.*, Case No. 97-133-Civ-Highsmith, the Court awarded expert fees of $185.00 per hour in 1997. In *Association for Disabled Americans, Inc. et al. v. Motiva Enterprises, L.L.C.*, Case No. 99-580-Civ-Jordan/Bandstra, the court awarded expert fees in 1999 in the amount of $12,339.95, based on an hourly rate of $185. In *Advocates for the Disabled, et al. v. Boulevard Motel Corporation, Case* No.99-6833-CIV-Highsmith/Garber, the Court awarded expert fees in the amount of $2,000.00. Further, in *Motiva L.L.C.*, supra, the court stated that:

> It is within this Court's discretion to award a prevailing party under the ADA, not only the attorneys' fees, but also expert fees. See 42 U.S.C. § 12117(a) (stating that the powers, remedies, and procedures available under Title VII, 42 U.S.C. § 2000e-5 are available under the ADA); see also 42 U.S.C. §12205.

Here, Plaintiff acts as his own expert. As President of Advanced Access, LLC, Plaintiff has conducted an initial inspection of the property in support of his Complaint. His initial report for this inspection, titled **Site Accessibility Survey**, is attached as **Exhibit 3**. Attached as **Exhibit 4** is the **CV of Derek Mortland**, which sets forth his education and professional background, both as a general contractor and as an ADA Consultant. Finally, attached as **Exhibit 5** is the expert invoice from Advanced Access, LLC.

## VI. Conclusion

As hereinafter explained, in addition to the injunctive relief provided under federal law, the Plaintiff's attorney's fees, costs and litigation expenses including expert fees are as follows:

1.  To date, the Plaintiff has incurred $4,571.68 for attorney's fees based on an hourly rate of

14

$325 per hour for legal services of Colin G. Meeker. See Exhibit 2, which is the detailed itemization showing the number of hours reasonably expended, the basis for those hours, and the hourly rate charged. Plaintiff's counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

2. Plaintiff has incurred an additional $1,160.00 in expert fees performed by Advanced Access, LLC, as itemized in Exhibit 5.

3. Plaintiff has incurred litigation expenses in the amount of $480.40, as itemized in Exhibit 2.

**WHEREFORE**, in accordance with the foregoing, Plaintiff respectfully moves this Court as follows:

1. Enter Default Judgment against Defendant Radhe Hospitality LLC for its violation of federal law;

2. Enter Default Judgment against Defendant Radhe Hospitality LLC for its violation of Indiana law;

3. Order an injunction against Defendant Radhe Hospitality LLC prohibiting it from discrimination against Plaintiff or disabled individuals at its place of public accommodation;

4. Immediate closure of Defendant Radhe Hospitality LLC's place of business until completion of all remedial alterations necessary to make the premises accessible by individuals with disabilities and otherwise comply with the ADA;

5. An award of Plaintiff's attorney's fees, and litigation expenses, and expert expenses, in an amount of $6,212.08, *plus any additional time, costs or expenses required of Plaintiff to enforce this Order*;

15

6. Compensatory damages in the amount of $25,000.

7. Punitive damages in the amount of $50,000.

8. And further relief as this Court deems just and proper.

**BLAKEMORE, MEEKER & BOWLER CO., L.P.A.**

**/s/ *Colin G. Meeker***
**COLIN G. MEEKER (Ohio #0092980)**
**495 Portage Lakes Dr.**
**Akron, OH 44319**
**O: (330) 253-3337**
**F: (330) 253-4131**
**C: (330) 603-7173**
**cgm@bmblaw.com**

**Attorney for Plaintiff, DEREK MORTLAND**

## CERTIFICATE OF SERVICE

I certify that on the 31st day of January, 2023, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system. A copy has also been sent via U.S.

Mail, to the following at the address listed below:

Radhe Hospitality LLC
c/o Mihir Patel, Registered Agent
5005 Lincolnway E, Suite-A
Mishawaka, IN 46544

**/s/ *Colin G. Meeker***
**COLIN G. MEEKER (Ohio #0092980)**

16