UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DEREK MORTLAND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:22-cv-00366-HAB-SLC |
| | ) |
| **RADHE HOSPITALITY LLC,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Derek Mortland, a person with physical disabilities, filed this suit against Defendant Radhe Hospitality LLC ("Radhe") on October 17, 2022, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the Indiana Civil Rights Law ("ICRL"), Ind. Code § 22-9-1 *et seq.*, pertaining to denial of access by a public accommodation. (ECF 1). After Radhe failed to appear in this litigation, Mortland applied for a clerk's entry of default against it, which was entered on January 3, 2023. (ECF 4, 5). Now before the Court is Mortland's motion seeking the entry of a default judgment against Radhe pursuant to Federal Rule of Civil Procedure 55(b)(2), filed on January 31, 2023. (ECF 6).

On February 6, 2023, District Judge Holly A. Brady referred the motion to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Northern District of Indiana Local Rule 72-1, to issue a report and recommendation for the disposition of the motion. (ECF 7). Having duly considered the motion and supporting materials, I RECOMMEND that Mortland's motion for default judgment be GRANTED IN PART and that a judgment be entered in favor of Mortland and against Radhe awarding injunctive relief and attorney fees, expenses, and costs.

*A. Factual Background*

On or about April 19, 2021, through April 20, 2021, Mortland, who requires the use of a wheelchair, stayed at the Comfort Suites hotel located at 1137 West 15th Street, Auburn, Indiana (the "Hotel"). (ECF 1 ¶¶ 2, 5, 13). Mortland alleges that during his stay at the Hotel, he encountered architectural barriers that denied him the full and equal access to the Hotel property. (*Id.* ¶ 14).

Mortland sued Radhe, the "owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee" of the Hotel property (*id.* ¶ 2), for failing to provide proper legal access to the Hotel, which is a "public accommodation and/or public facility." (*Id.* ¶¶ 2, 6; *see* ECF 6-3 ¶ 6). Mortland seeks injunctive relief to require the Hotel to be made accessible to meet the requirements of both the ADA and the ICRL, damages for violation of his civil rights under the ICRL, and attorney's fees, expenses, and costs. (ECF 1 ¶¶ 2, 20, 43; *id.* at 15). He alleges that he will return to patronize the Hotel in the future if it is made fully accessible to a disabled person in a wheelchair, given that he will travel through Auburn in the spring and summer of 2023, and because he intends to return to the Hotel annually as an "ADA tester." (*Id.* ¶¶ 26, 29, 30).

Mortland is the President of Advanced Access, LLC, a consulting company specializing in accessibility and barrier removal, and he is acting as his own expert in this case in the field of accessibility. (ECF 6-3 ¶¶ 8, 9; ECF 6-7). He performed a pre-litigation inspection of the Hotel on April 19, 2021, and completed a Site Accessibility Evaluation, photographing and detailing the architectural structures that are allegedly in violation of the ADA and need to be modified or replaced. (ECF 6-3 ¶¶ 10, 11; ECF 6-6).

*B. Applicable Legal Standard*

"Default is a 'two-step process' that is 'clearly outlined' in Rule 55(a) and 55(b) of the Federal Rules of Civil Procedure." *Mortland v. Lights Out Devs., LLC*, No. 1:19-cv-2557-JMS-DLP, 2020 WL 3577867, at *1 (S.D. Ind. July 1, 2020) (citing *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016)). "The first step is the entry of default, the consequence of which is that the well-pleaded allegations in the complaint concerning liability are taken as true." *Id.* (citation omitted). After the entry of default, the plaintiff may move for the entry of a default judgment, "which requires him to establish his entitlement to the relief he seeks." *Id.* (citation and internal quotation marks omitted). "[T]he entry of default judgment is only appropriate if [the allegations in the complaint], along with other evidence submitted, establish a cognizable claim for relief." *Id.* (collecting cases).

*C. Default Judgment*

As stated earlier, a clerk's entry of default was entered against Radhe on January 3, 2023 (ECF 5), and thus, Mortland has satisfied the first step of the two-step process. With respect to step two, the Court must confirm that the allegations in the complaint establish a cognizable claim for relief. *See Lights Out Devs.*, 2020 3577867, at *1.

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Mariott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (Scherr II) (citing 42 U.S.C. §§ 12181-89). A public accommodation includes "an inn, hotel, motel, or other place of lodging . . . ." 42 U.S.C. § 12181(7)(A). A plaintiff seeking to establish a Title III disability discrimination claim must show: "(1) [he] is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against [him] by denying [him] the full and

3

equal opportunity to enjoy the services defendant provides." *Thomas v. Kohl's Corp.*, No. 17 C 5857, 2018 WL 704691, at *3 (N.D. Ill. Feb. 5, 2018) (citations omitted). "Discrimination under Title III includes a failure to remove architectural barriers . . . . where such removal is readily achievable." *Id.* (alteration in original) (citation and internal quotation marks omitted); *see* 42 U.S.C. § 12182(b)(2)(A)(iv).

Mortland, who is "paralyzed and requires the use of a wheelchair for mobility" (ECF 1 ¶ 11), alleges in his complaint that he "is a person with physical disabilities, who on or about April 19, 2021 through April 20, 2021, was an invitee, guest, patron, or customer at [Radhe's] property, which houses a COMFORT SUITES hotel . . . ." (*id.* ¶ 2). Mortland alleges that Radhe "is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building . . . which constitute[s] a public facility . . . occupied by a COMFORT SUITES hotel, a public accommodation . . ." (*id.* ¶ 6; *see also id.* ¶¶ 1, 7-10), and that Radhe "failed to provide proper legal access to the property . . ." (*id.* ¶ 2). Specifically, Mortland alleges that during his stay he "encountered numerous inaccessible elements of the [Hotel] which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities," including in the parking, entrance, room 108, public unisex restroom, breakfast area, pool, business area, fitness area, laundry room, and Hotel exterior. (*Id.* ¶ 15; *see also* ECF 6-6).

While Mortland does acknowledge in one paragraph of his complaint that he does not know Radhe's exact "ownership connection to the property and business, nor [its] relative responsibilities in causing the access violations herein complained of" (ECF 1 ¶ 9), this allegation does not appear fatal to Mortland's claim, given his numerous other allegations that Radhe is the landlord, lessor, tenant, lessee, owner, and/or operator of the Hotel (*id.* ¶¶ 6-10, 20,

4

23). In that regard, 28 C.F.R. § 36.201 provides:

> (a) Prohibition of discrimination. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation.
>
> (b) Landlord and tenant responsibilities. *Both the landlord* who owns the building that houses a place of public accommodation *and the tenant* who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.

(Emphasis added). Thus, this regulation assigns the responsibility of public accommodation to *both* landlords and tenants.

Consequently, I conclude that the allegations in the complaint, together with the other supporting evidence filed by Mortland, are sufficient to establish that Radhe is liable for violations of the ADA set forth in the complaint. (*See* ECF 1; ECF 6-3 (Affidavit of Derek Mortland); ECF 6-6 (Site Accessibility Evaluation)); *see, e.g.*, *Lights Out Devs.,* 2020 WL 3577867, at *1.[1] That is, Mortland has sufficiently pled violations of Title III of the ADA by alleging facts that, when taken as true, establish that Radhe is a private entity that owns, leases, or operates a place of public accommodation, and that Mortland was deprived of equal enjoyment of the goods, facilities, services, and accommodations provided through the Hotel due to Radhe's failure to ensure that the Hotel property is accessible to individuals with physical

---

[1] As a threshold matter, I also conclude that Mortland has standing to bring his ADA claim under the reasoning outlined in *Mortland v. Castle Hospitality, LLC*, No. 21-1351, 2022 WL 3586661, at *2-5 (W.D. Pa. Aug. 22, 2022) ("To establish Article III standing, a plaintiff bears the burden of establishing that he has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (citation and internal quotation marks omitted)). Here, Mortland alleges in his complaint and attests in his affidavit that he would return to the Hotel in the future—both because he is an "ADA tester" and because he intends to travel through Auburn, Indiana, for personal reasons (ECF 1 ¶¶ 29-30; ECF 6-3 ¶ 5)—should the Hotel become accessible. Thus, Mortland has properly alleged standing. *See Castle Hosp.*, 2022 WL 3586661, at *3; *see also Scherr v. Marriot Int'l, Inc.*, 833 F. Supp. 2d 945, 953-56 (N.D. Ill. 2011).

disabilities. *See Wright v. Thread Experiment, LLC*, No. 1:19-cv-01423-SEB-TAB, 2021 WL 243604, at *3 (S.D. Ind. Jan. 22, 2021). Therefore, Mortland's motion for default judgment should be GRANTED as to his ADA claims.

Default judgment, however, should not be entered on Mortland's ICRL claims. "The ICRL creates an administrative review process through which plaintiffs must pursue their claims for civil rights violations before the Indiana Civil Rights Commission . . . ." *Lights Out Devs.*, 2020 WL 3577867, at *2 (citing Ind. Code § 22-9-1-6; *M.C. Welding & Machining Co. v. Kotwa*, 845 N.E.2d 188, 192 n.3 (Ind. Ct. App. 2006)). "The administrative process of the ICRL can be bypassed, but only in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law." *Id.* (quoting *Vanderploeg v. Franklin Fire Dep't*, No. IP99-0856-C-T/G, 2000 WL 428646, at *2 (S.D. Ind. Apr. 5, 2000)); *see* Ind. Code § 22-9-1-16. "Otherwise, there is no private right of action, and in fact, no cause of action under § 22-9-1-2." *Lights Out Devs.*, 2020 WL 3577867, at *2 (citation and quotation marks omitted). "The exhaustion requirement is jurisdictional." *Id.* (citations omitted).

Here, there is no allegation in the complaint or other evidence of record that Mortland exhausted his claim through the Indiana Civil Rights Commission or that Radhe agreed to have the claim adjudicated in a court of law. As a result, "Mortland cannot pursue his claim under § 22-9-1-2 in this Court." *Id.* (citations omitted); *see also Thomas v. Am. Fam. Mut. Ins. Co.*, No. 2:07 cv 162, 2008 WL 4911192, at *5 (N.D. Ind. Nov. 13, 2008) (concluding that the plaintiffs could not bring an ICRL claim where the record did not reflect that the parties had proceeded through the administrative process or consented to have the issue decided by a court). Consequently, Mortland's motion for default judgment should be DENIED as to his ICRL

claims.

### D. Damages

A plaintiff cannot seek damages under Title III of the ADA, only injunctive relief. *Scherr II*, 703 F.3d at 1075-76; *Castle Hosp.*, 2022 WL 3586661, at *6-7; *Lights Out Devs.,* 2020 WL 3577867, at *2. Therefore, no monetary damages can be awarded to Mortland under his ADA claims. And in any event, Mortland seeks compensatory and punitive damages in his complaint only in connection with his ICRL claims. (*See* ECF 1 ¶¶ 44, 48, 50). However, as concluded *supra*, Mortland's ICRL claims fail as a matter of law and thus he is not entitled to a default judgment on his state-law claims. *See Lights Out Devs.*, 2020 WL 3577867, at *2. Consequently, I find that Mortland is not entitled to *any* monetary damages in connection with the default judgment.

### E. Injunctive Relief

"The ADA provides that, in cases involving a defendant's failure to remove architectural or structural barriers under 42 U.S.C. § 12182(b)(2)(A)(iv), 'injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by' Title III." *Lights Out Devs.*, 2020 WL 3577867, at *2 (quoting 42 U.S.C. § 12188(a)(2)). To obtain injunctive relief, a plaintiff must demonstrate that: "(1) he has suffered an irreparable injury; (2) remedies at law, such as monetary damages, are insufficient to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Id.* (citing *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019)); *see Lacy v. Cook Cnty., Ill.*, 897 F.3d 847, 867 (7th Cir. 2018) (using the balancing test for injunctive relief in an ADA claim).

Mortland's allegations and affidavit show that he suffered an injury of discrimination because the Hotel was not in compliance with the ADA and not accessible to him. *See Lights Out Devs.*, 2020 WL 3577867, at *2. Monetary damages are not available to him under Title III of the ADA, and thus, "absent a permanent injunction, [he] will receive no remedy." *LAJIM*, 917 F.3d at 945; *see also Lights Out Devs.*, 2020 WL 3577867, at *2. Without injunctive relief, Mortland would experience the hardship of being unable to stay at the Hotel in the future, while "[I] can discern no hardship—beyond incurring the costs necessary to bring the facilities into compliance with the law—that will be suffered by [Radhe]." *Lights Out Devs.*, 2020 WL 3577867, at *2. Finally, "the public has a strong interest in eliminating discrimination and in enforcing the ADA . . . ." *Id.* (brackets and citations omitted); *see also Wright*, 2021 WL 243604, at *4.

Federal Rule of Civil Procedure 65(d)(1) provides that an order granting an injunction must: "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required." Here, the reason for issuing the injunction is to mandate "that [Radhe] takes the necessary steps to ensure that the Hotel complies with the ADA and provides all disabled patrons access to facilities to the extent required by law." *Lights Out Devs.*, 2020 WL 3577867, at *3. The recommended injunction will require Radhe to modify and/or replace any and all deficiencies to the Hotel, including those identified in the Site Accessibility Evaluation (ECF 6-6), as necessary to conform with Title III of the ADA, the accompanying regulations, 28 C.F.R. § 36.302 *et seq.*, and the 2010 ADA Standards for Accessible Design. *See Lights Out*

*Devs*, 2020 WL 3577867, at *3; (ECF 6-2 ¶ 4; ECF 6-3 ¶ 13; ECF 6-6 at 2).[2] Radhe should be afforded 120 days to fulfill the requirements of the permanent injunction and be ordered to file a notice of compliance with the Court when it has fully complied with the permanent injunction or risk being held in contempt of court. *See Lights Out Devs.*, 2020 WL 3577867, at *3.[3]

### F. Attorney's Fees, Expenses, and Costs

"The ADA allows the Court, in its discretion, to award a reasonable attorney's fee, including litigation expenses and costs, to the prevailing party." *Wright*, 2021 WL 243604, at *5 (citing 42 U.S.C. § 12205). Mortland seeks $4,571.68 in attorney fees (14.07 hours at $325 per hour),[4] plus any additional time required to enforce the relief ordered by the Court; $1,160 in expert fees performed by Advanced Access, LLC; and $480.40 in court costs. (ECF 6-1 at 14-15; ECF 6-2 at 3; ECF 6-5; ECF 6-8). I find this amount to be reasonable and recommend that

---

[2] Mortland submitted a proposed form of order with his motion for default judgment (ECF 6-2), but the form of order fails to set forth each necessary modification or replacement, instead adopting his Site Accessability Evaluation "by reference," (*id.* ¶ 3). As explained above, Rule 65(d)(1) requires that an injunction "describe in reasonable detail–*and not by referring to the complaint or other document*–the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1) (emphasis added). Accordingly, by separate entry, I will order Mortland to submit for the Court's consideration a proposed form of permanent injunction akin to that entered in *Lights Out Developments* on July 1, 2020, No. 1:19-cv-02557-JMS-DLP, ECF No. 14, which includes in reasonable detail each necessary modification or replacement in the Site Accessibility Evaluation.

[3] Mortland also asks in his supporting memorandum that the Court order Radhe to immediately close the Hotel and not reopen until it has fully remedied its noncompliance with the ADA. (ECF 6-1 at 15; *see also* ECF 6-2 ¶ 5). This requested relief, however, should not be granted, given that Mortland did not seek it in his complaint. (ECF 1); *see* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Nor is there any indication that this requested relief is even available under the ADA. *See Lights Out Devs.*, 2020 WL 3577867, at *3 n.1 ("To the extent that Mr. Mortland asks that his injunctive relief include a requirement that the Hotel be closed until it complies with the ADA, his request must be rejected because such relief is not provided for in the statute and because he did not ask for it in his Complaint." (citation omitted)).

[4] The rate of $325 per hour, times 14.07 hours, is actually $4,572.75, but the Court will use Mortland's proposed total amount of $4,571.68.

9

Mortland's application for fees, expenses, and costs be GRANTED.[5]

## G. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that:

- Mortland's motion for default judgment (ECF 6) be GRANTED IN PART and DENIED IN PART, in that the motion should be GRANTED as to his ADA claims but DENIED as to his ICRL claims;

- Radhe be PERMANENTLY ENJOINED and ORDERED to bring the Hotel—that is, the Comfort Suites hotel, located at 1137 West 15th Street in Auburn, Indiana—into full compliance with Title III of the ADA, its accompanying regulations, 28 C.F.R. 36.302 *et seq.*, and the 2010 ADA Standards for Accessible Design, as specified in the Site Accessibility Evaluation (ECF 6-6), within 120 days from the Court's final order on the motion for default judgment;[6]

- Radhe be ORDERED to file a notice with the Court when it has fully complied with the permanent injunction; and

- Mortland be AWARDED $4,571.68 in attorney fees, $1,160 in expert fees, and $480.40 in court costs, plus any additional time, costs, or expenses he reasonably

---

[5] As stated earlier, Mortland is serving as his own expert witness through Advanced Access, LLC. (ECF 6-6; ECF 6-8). At least two other district courts have awarded him expert fees in this capacity, and thus, I recommend doing so here as well, given that his expert witness fee of $1,160 appears reasonable. *See Castle Hosp.*, 2022 WL 3586661, at *8; *Mortland v. Loc. Cantina Dublin LLC*, No. 2:19-cv-01123, 2021 WL 3033355, at *1 n.2 (S.D. Ohio July 19, 2021) (rejecting the defendant's argument that Mortland's role as both a party and an expert witness created a conflict of interest).

[6] As stated *supra*, I am ordering by separate entry that Mortland submit for the Court's consideration a revised proposed form of permanent injunction detailing the necessary modifications and replacements identified in the Site Accessibility Evaluation.

incurs to enforce the Court's final order.

The Clerk is directed to send a copy of this Report and Recommendation to Mortland's counsel and to Defendant Radhe Hospitality LLC, c/o Mihir Patel, Registered Agent, 5005 Lincolnway E, Suite A, Mishawaka, IN 46544. Fed. R. Civ. P. 72(b). NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

Entered this 12th day of April 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge