UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEREK MORTLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CV-00366-HAB-SLC |
| | ) | |
| RADHE HOSPITALITY LLC. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PERMANENT INJUNCTIVE RELIEF

Plaintiff Derek Mortland ("Mortland"), a person with physical disabilities, stayed at a Comfort Suites hotel (the "Hotel") in Auburn, Indiana and encountered architectural barriers that denied him full and equal access to the Hotel. He sued Defendant Radhe Hospitality LLC ("Radhe"), the owner/operator of the Hotel, alleging that he was denied access by a public accommodation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12181 *et seq.* and the Indiana Civil Rights Law ("ICRL"), Ind. Code § 22-9-1 *et seq.*, (ECF No. 1). After Radhe failed to appear or otherwise defend, Mortland applied for, and obtained, a clerk's entry of default against it. Mortland then sought a default judgment. (ECF No. 6).

On February 6, 2023, the undersigned referred the request for a default judgment to the Magistrate Judge to issue a Report and Recommendation (R & R). (ECF No. 7). On April 12, 2023, the Magistrate Judge entered her R & R (ECF No. 8), recommending that a default judgment be entered in favor of Mortland and against Radhe on Mortland's ADA claims but DENIED relief as to his claims under the ICRL. As for damages, the R & R recommended

awarding permanent injunctive relief and $4,571.68 in attorney fees, $1,160 in expert fees, and $480.40 in court costs, plus any additional time, costs, or expenses reasonably expended to enforce the Court's order. By separate entry, Mortland was ordered to file a revised proposed form of permanent injunction detailing the necessary modifications and replacements identified in the Site Accessibility Evaluation submitted by the Plaintiff, who served as his own expert in accessibility.[1] The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed with no objections filed by the parties.

## DISCUSSION

A district court may assign dispositive[2] matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made

---

[1] Mortland is the President of Advanced Access, LLC, a consulting company specializing in accessibility and barrier removal.

[2] Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) ....").

within the magistrate judge's report, the district court must review those objections *de novo*, determining for itself whether the magistrate judge's decisions on those issues are supported by substantial evidence or resulted from an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

As recounted above, the parties have not objected to the recommended disposition of the pending motions and, for good reason. The Magistrate Judge issued a detailed decision resolving Plaintiff's request for default judgment and addressing all the issues attendant to that motion. The Magistrate Judge determined that the Complaint's allegations and the other evidence submitted were sufficient to establish that Radhe is liable for violating the ADA. As to Mortland's claim under the ICRL, however, the Magistrate Judge determined that default judgment cannot be entered because he is not legally entitled to relief under Indiana law.

For the award of injunctive relief, the Magistrate Judge first noted that plaintiffs suing under Title III of the ADA may obtain only injunctive relief, not damages. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) ("damages are not available under Title III"). In fashioning the injunctive relief, the Magistrate Judge relied heavily on the Southern District of Indiana's decision in *Mortland v. Lights Out Devs., LLC,* No. 1:19-CV-2557-JMS-DLP, 2020 WL 3577867, at *2 (S.D. Ind. July 1, 2020). In that case, the court resolved a request for default judgment stating that "in cases involving a defendant's failure to remove architectural or structural barriers under 42 U.S.C. § 12182(b)(2)(A)(iv), 'injunctive relief **shall** include an order to alter facilities to make such facilities readily accessible to and usable by individuals with

disabilities to the extent required by' Title III.'" *Lights Out Devs.*, 2020 WL 3577867, at *2 (quoting 42 U.S.C. § 12188(a)(2)). The court then stated:

> The overarching goal of an injunction in this case is to ensure that Lights Out takes the necessary steps to ensure that the Hotel complies with the ADA and provides all disabled patrons access to facilities to the extent required by law. To that end, Lights Out is **ORDERED** to modify and/or replace its facilities as necessary to conform with the requirements of the ADA, the accompanying regulations, and the Standards. This includes but is not limited to addressing each of the violations stated in the Complaint and identified by Mr. Mortland's expert.

*Lights Out Devs., LLC*, 2020 WL 3577867, at *3.

In this case, after conducting the required balancing test under Fed. R. Civ. P. 65 to ensure the prerequisites for injunctive relief were met, the Magistrate Judge determined that injunctive relief was warranted. *See Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 867 (7th Cir. 2018) (applying the balancing test for injunctive relief to an ADA claim). The Magistrate Judge determined that the recommended injunction will require Radhe "to modify and/or replace any and all deficiencies to the Hotel, including those identified in the Site Accessibility Evaluation (ECF 6-6), as necessary to conform with Title III of the ADA, the accompanying regulations, 28 C.F.R. § 36.302 et seq., and the 2010 ADA Standards for Accessible Design." (R & R, at 8). Additionally, the Magistrate Judge recommended that Radhe have 120 days to comply with the injunction and that it file a notice of compliance with the Court when it has satisfied its obligations under the injunction. (*Id.* at 9). These other requirements were consistent with the Southern District's decision in *Lights Out*.

Finally, consistent with the ADA, the Magistrate Judge found that attorney fees, expert fees, and the cost of the action were warranted and supported by the evidence. The Court found the attorney time expended and the hourly rate of $325.00/hour were reasonable and that expert

fees of $1,160 sought by Advanced Access, LLC were appropriate. The Magistrate Judge also awarded costs to Mortland.

Having reviewed the record, the Magistrate Judge's R & R, and the relevant law, the Court finds that the R & R is not clearly erroneous. Accordingly, the Court adopts Magistrate Judge Collins' recommended dispositions of the motion. However, as for the revised proposed order for permanent injunction, the Court REJECTS the revised proposed order for permanent injunction (ECF No. 10), and ORDERS Mortland to file a second revised proposed order for permanent injunction that corrects these errors:

(1) Paragraph 4(iii)(3) of PARKING, referring to 6010.3 instead of 610.3;

(2) Removal of paragraphs 5(e) and (f) allowing Mortland to reinspect the property and then file a status report, as this was not part of the Magistrate Judge's R & R; and

(3) Removal of paragraph 6 referring to lifting the permanent injunction, as Radhe remains subject to the permanent injunction unless it moves to dissolve such an injunction.[3]

## CONCLUSION

For the reasons above, the Report and Recommendation (ECF No. 8) is ADOPTED and the Court ORDERS:

(1) Mortland's motion for default judgment (ECF No. 6) is GRANTED IN PART and DENIED IN PART, in that the motion should be GRANTED as to his ADA claims but DENIED as to his ICRL claims;

(2) Radhe is PERMANENTLY ENJOINED and ORDERED to bring the Hotel—that is, the Comfort Suites hotel, located at 1137 West 15th Street in Auburn, Indiana—into

---

[3] "The test for determining whether to modify or vacate an injunction is whether the conditions that made the injunction appropriate have changed to such an extent that the injunction no longer serves the purpose for which it was initially granted." *Geft Outdoor, L.L.C. v. City of Westfield, Hamilton Cnty.*, No. 1:17-cv-04063-TWP-TAB, 2022 WL 3541867, at *2 (S.D. Ind. Aug. 18, 2022) (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932)). "Courts consider 'whether [the movant] has demonstrated that changed circumstances make the continuation of the injunction inequitable.'" *Id.* (quoting *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 260 (7th Cir. 1984)).

full compliance with Title III of the ADA, its accompanying regulations, 28 C.F.R. 36.302 et seq., and the 2010 ADA Standards for Accessible Design, as specified in the Site Accessibility Evaluation (ECF 6-6), within 120 days from the Court's final order on the motion for default judgment and entry of an order for permanent injunction, whichever is later;

(3) Radhe is ORDERED to file a notice with the Court when it has fully complied with the permanent injunction; and

(4) Mortland is AWARDED $4,571.68 in attorney fees, $1,160 in expert fees, and $480.40 in court costs, plus any additional time, costs, or expenses he reasonably incurs to enforce the Court's order.

The Court REJECTS Mortland's proposed amended order for permanent injunction (ECF No. 10) for the reasons stated in this Order. Mortland has seven (7) days to file a second proposed amended order for permanent injunction that complies with this Order.

SO ORDERED on May 16, 2023.

                                                                       s/ Holly A. Brady  
                                                                       JUDGE HOLLY A. BRADY  
                                                                       UNITED STATES DISTRICT COURT